UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRISTIE KAEDAN ALLEN,<br><br>Defendant. | Case No. 1:17-cr-039-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

During the sentencing of defendant Allen on January 15, 2019, the Government argued that the Court incorrectly recalculated the mandatory minimum sentence. The Court disagreed and explained from the bench why it disagreed with the Government's argument. This decision is intended to supplement that analysis from the bench.

# ANALYSIS

In this case, all parties agreed that the statutory mandatory minimum was 180 months. Prior to the sentencing hearing, the Government filed a motion pursuant to Guideline § 5K1.1 and 18 U.S.C. § 3553(e), seeking a 6-level reduction in the offense level based on the defendant's substantial assistance.

The Court granted the Government's motion under 5K1.1 and § 3553(e), agreeing that the defendant's substantial assistance warranted a 6-level reduction.

To recalculate the mandatory minimum, the Court looked for the lowest offense level with a criminal history category of IV that corresponded to a 180-month sentence – here that is 31. Departing 6 levels from 31 yields a 25, and this reduces the range to 84 to 105 months. Thus, under the Court's calculation, the new mandatory minimum is 84 months. *See generally U.S. v. Hays,* 5 F.3d 292 (7th Cir. 1993) (holding that in a case with a mandatory minimum of 60 months, the two-level departure under a § 3553(e) motion would start "with the lowest offense level consistent with a 60-month sentence and depart[] downward two levels from that point").

The original mandatory minimum of 180 months was well-below the Guideline range. The defendant's original Guideline range was 292 to 365 months, based on an offense level of 37 and a criminal history category of IV.

The Government argues that in cases where the original Guideline range exceeds the statutory mandatory minimum sentence – as here – the Court must start its recalculation of the mandatory minimum with the original Guideline range. Under the Government's calculation, the adjusted offense level of 37 would be reduced by 6 levels to a 31. With a criminal history category of IV, the new range would be 151 to 188 months, meaning the new mandatory minimum would be 151 months.

The Government argues that whenever the Guideline range exceeds the mandatory minimum, the Court must begin its recalculation by starting with the original Guideline range, and not apply any reduction separately to the existing mandatory minimum.

The Government cites in support the case of *U.S. v. Auld,* 321 F.3d 861 (9th Cir. 2003). Using that case to direct a court in recalculating the mandatory minimum when the Guideline range is above the mandatory minimum is problematic, however, because *Auld* was not faced with that circumstance – in *Auld*, the mandatory minimum exceeded the Guideline range.

Moreover, there is language in *Auld* supporting the Court's calculation. In *Auld,* the defendant argued that his Guideline range should be the starting point for the reduction under 5K1 and § 3553(e). The Circuit rejected that argument, holding that the departure must start instead from the existing mandatory minimum. Then, in determining how far below that mandatory minimum it may sentence, it instructed the District Court to consider the 5K1.1 factors:

> Auld's position is foreclosed by the reasoning, if not the direct holding, of *Melendez v. U.S.*, 518 U.S. 120 (1996). The Supreme Court explained in *Melendez* that the last sentence of § 3553(e) merely "charge[s] the Commission with constraining the district court's discretion in choosing a specific sentence after the Government moves for a departure below the statutory minimum." *Id.* at 129. The Commission satisfied this statutory charge by promulgating U.S.S.G. § 5K1.1(a), which provides factors that "guide the district court when it selects a sentence below the statutory minimum, as well as when it selects a

**Memorandum Decision & Order – page 3**

sentence below the Guidelines range." *Id.* **Contrary to Auld's contention, § 3553(e) does not mandate any particular departure point or require that the ultimate sentence imposed fall within the otherwise applicable guideline range.** *See, e.g., U.S. v. Pillow*, 191 F.3d 403, 407 (4th Cir.1999) ("That the resulting 'sentence' [after a § 3553(e) departure] must be imposed in accordance with the Sentencing Guidelines and policy statements . . . simply means that the district court's discretion in choosing a sentence after the Government moves to depart below the statutorily required minimum sentence is constrained by the Sentencing Guidelines and policy statements. Specifically, the district court should use the factors listed in § 5K1.1(a)(1)-(5) as its guide when it selects a sentence below the statutorily required minimum sentence.

*Id.* at 864 (emphasis added). The Court has followed this language from *Auld* in recalculating the mandatory minimum by considering the factors listed in 5K1.1:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
(3) the nature and extent of the defendant's assistance;
(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
(5) the timeliness of the defendant's assistance.

The Court has used the Government's own assessment of those 5 factors, which are embodied in its motion for a 6-level downward departure under 5K1.1, and then extrapolated to determine what that kind of departure would mean in the context of the mandatory minimum. The Government asks the Court to tie the mandatory minimum inextricably with the Guidelines, so that adjustment in the guideline range under 5K1.1 dictates what the mandatory minimum would be

Memorandum Decision & Order – page 4

under 3553(e). And, in that view, if the guideline range starts out above the mandatory minimum – and is then reduced by the 5K1.1 motion to a point below the mandatory minimum – the bottom of the guideline range becomes the new mandatory minimum.

That is, however, contrary to the guidance in *Melendez* and *Auld*, that we rely upon the 5K1.1 factors to determine how far the mandatory minimum is reduced by the Government's motion under 3553(e). *See generally U.S. v. Coyle,* 506 F.3d 680 (8th Cir. 2007) (in case where Guideline range was above mandatory minimum, holding that the 5K1.1 factors are used to determine how far the mandatory minimum is reduced by the § 3553(e) motion); *U.S. v. Hayes,* 948 F.Supp.2d 1009 (N.D. Iowa 2013) (same).

## Conclusion

Thus, the Court will reject the argument of the Government and calculate the new mandatory minimum as being 84 months. This makes a substantial difference in this case. The Court ultimately sentenced defendant to 126 months. If the Government is correct, the recalculated mandatory minimum would have been 151 months, and this sentence would be illegal. But because the Court recalculated the mandatory minimum at 84 months, a sentence of 126 months was well above the mandatory minimum.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the statutory mandatory minimum recalculated under the Government's § 3553(e) motion is 84 months, and not 151 months as asserted by the Government.

DATED: January 22, 2019

B. Lynn Winmill
U.S. District Court Judge